UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 18-CV-11451-RWZ

JAHO, INC.

v.

ADAGIO TEAS, INC.

MEMORANDUM & ORDER

November 18, 2020

ZOBEL, S.D.J.

Plaintiff, Jaho, Inc. ("Jaho"), and defendant, Adagio Teas, Inc. ("Adagio"), each sells its own lines of teas associated with the signs of the zodiac. Jaho owns a registered trademark for "Zodiac Tea." It therefore complains of trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. §§ 1114(1)(a), 1125(a), as well as common law trademark infringement and unfair competition. Defendant counterclaims that plaintiff fraudulently obtained its trademark registration and that the registered mark is generic. It now moves for summary judgment on all of plaintiff's claims.

I.     Facts[1]

Plaintiff holds U.S. Trademark Registration 3,600,247 for the mark ZODIAC TEA for "beverages made of tea; fruit teas; tea; [and] tea-based beverages with fruit

---

[1] The undisputed facts are derived from the parties' statements of material facts, Docket ## 25 and 28-2, and the exhibits attached to their motions.

1

flavoring." It claims to have used the mark since at least 2004 in selling twelve varieties of tea named with the zodiac signs. Since 2008, defendant has also sold, under its own brand, tea varieties corresponding to the zodiac signs in the "Zodiac Series." Plaintiff sells in retail locations in the greater Boston area and Tokyo, as well as on its website. Defendant sells in New Jersey, California, Illinois, and on its website. Neither sells in third party stores; both promote the products on their respective social media sites. Plaintiff has thus far provided a copy of a trademark electronic search system record for "Zodiac Tea," photos of the Adagio website, a December 1, 2017 letter to Adagio's CEO regarding alleged infringement, and portions of a Rule 30(b)(6) deposition of Anil Mezini, the owner of Jaho.

## II.   Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When the defendant moves for summary judgment, the record may be examined in the light most favorable to plaintiff (who bears the ultimate burden of proof at trial), but plaintiff "must reliably demonstrate . . . specific facts sufficient to create an authentic dispute." Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO v. Winship Green Nursing Ctr., 103 F.3d 196, 200 (1st Cir. 1996) (quoting Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir. 1990)). "A factual dispute is material if it 'affects the outcome of the litigation,' and genuine if manifested by 'substantial' evidence 'going beyond the allegations of the complaint.'" Pignons S.A. de Mecanique de Precision v. Polaroid Corp., 657 F.2d 482, 486 (1st Cir. 1981) (quoting Hahn v. Sargent, 523 F.2d 461, 464 (1st Cir. 1975)). "[I]nfringement and unfair

competition cases often present factual issues that render summary judgment inappropriate." Kazmaier v. Wooten, 761 F.2d 46, 48 (1st Cir. 1985).

### III.   Analysis

Whether under state or federal law, the central question for the infringement and unfair competition claims is the likelihood that defendant's use will confuse the public, thereby harming the plaintiff. See Black Dog Tavern Co. v. Hall, 823 F. Supp. 48, 54, 58 (D. Mass. 1993). "[T]he likelihood of confusion inquiry centers on whether members of the purchasing public are likely to mistake one party's products or services for another party's protected products or services within the same category." Id. at 54. The First Circuit has described eight factors to determine likelihood of confusion: similarity of the marks; similarity of the goods; relationship between the parties' channels of trade; relationship between the parties' advertising; classes of prospective purchasers; evidence of actual confusion; defendants' intent in adopting its mark; and strength of the plaintiff's mark. Pignons, 657 F.2d at 487. These factors are "illustrative," not exhaustive. Bear Republic Brewing Co. v. Cent. City Brewing Co., 716 F. Supp. 2d 134, 141 (D. Mass. 2010). "No one factor is necessarily determinative, but each must be considered." Keds Corp. v. Renee Int'l Trading Corp., 888 F.2d 215, 222 (1st Cir. 1989) (citing Volkswagenwerk Aktiengesellschaft v. Wheeler, 814 F.2d 812, 817 (1st Cir. 1987)).

The likelihood of confusion is a factual question. See Dorpan, S.L. v. Hotel Melia, Inc., 728 F.3d 55, 64 (1st Cir. 2013). Summary judgment is appropriate only where no reasonable trier of fact could conclude confusion is likely. Id. (quoting Sports Auth., Inc. v. Prime Hospitality Corp., 89 F.3d 955, 960 (2d Cir.1996)). It should be

granted "sparingly." Id. at 66 (quoting Rearden LLC v. Rearden Commerce, Inc., 683 F.3d 1190, 1219 (9th Cir.2012)). In this case there is evidence for reasonable factfinders to disagree on the similarity of the marks, the strength of the marks, and the existence of actual confusion.

### a. Similarity of the marks

Similarity must be evaluated on "the total effect of the designation, rather than a comparison of the individual features." Pignons, 657 F.2d at 487. Although the parties' marks sound similar (with zodiac as the primary word) and the concepts are the same, defendant has offered images of its products to show that the total effect of the designation distinguishes its product from Jaho's zodiac-themed tea. Specifically, defendant's packages include distinct artwork and its brand logo. Reasonable factfinders could weigh the total effects of these presentations differently.

### b. Strength of the marks

"There is no consistent measure of what constitutes the strength of a mark," but five factors emerge in the case law: "(1) being registered; (2) being in use a long time; (3) being widely promoted; (4) being renown[ed] in the relevant field of business; and, (5) being distinctive or having strong 'secondary meaning.'" Alta Vista Corp. v. Digital Equip. Corp., 44 F. Supp. 2d 72, 79 (D. Mass. 1998). The first factor is undisputed. Regarding the second, plaintiff has presented testimony but no other evidence that it has used the mark since 2004. There is no evidence of how widely promoted or known the mark is. Finally, while defendant certainly has a colorable argument that plaintiff's mark is not distinctive, this is not a question for summary judgment. Although this

Circuit has not so ruled, other courts have held that the distinctiveness of a mark is a factual issue to be determined at trial.[2]  See, e.g., Ford Motor Co. v. Summit Motor Prod., Inc., 930 F.2d 277, 292 n.18 (3d Cir. 1991); Soweco, Inc. v. Shell Oil Co., 617 F.2d 1178, 1183 n.12 (5th Cir. 1980).  As a result, "summary judgment is rarely appropriate" on this issue and is proper only in exceptional cases.  See Xtreme Lashes, LLC v. Xtended Beauty, Inc., 576 F.3d 221, 232 (5th Cir. 2009).  This is not such an exceptional case.

### c. Actual Confusion

Plaintiff presented testimony that its in-store customers have referenced other zodiac-themed teas.  It is unclear whether that constitutes confusion or simply an awareness of other products in the market.  But that, too, is a question for a factfinder.

## IV.   Conclusion

Because plaintiff has presented sufficient evidence to raise these factual questions.  Defendant's motion for summary judgment (Docket # 23) is DENIED.

<u>November 18, 2020</u>　　　　　　　　　　／s／ Rya W. Zobel
　　　DATE　　　　　　　　　　　　　　　RYA W. ZOBEL
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[2] I also note that the threshold determination in a trademark protection suit is whether plaintiff's registered mark is entitled to protection.  Specifically, the mark must be distinctive to merit protection.  Borinquen Biscuit Corp. v. M.V. Trading Corp., 443 F.3d 112, 116 (1st Cir. 2006).  Because distinctiveness is a factual question, I do not reach the issue here; nevertheless, although defendant did not argue the issue explicitly in its motion, the degree of protection for the mark likely will be an issue in the case.

5